UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAGERTY INSURANCE AGENCY, LLC, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-05453-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE DISMISSAL**<br><br>Docket No. 64 |

Plaintiff Timothy Moore has filed a Motion to Set Aside Dismissal under Federal Rule of Civil Procedure 60. Docket No. 64. Counsel for Mr. Moore argues that he entered into a stipulated dismissal with counsel for Defendants with the understanding that the case would be handled the same way as *Overfelt v. Hagerty Insurance Agency, LLC et al.*, No. 3:19-cv-04927-SI, a similar case which same counsel previously settled. Unlike *Overfelt*, however, Defendants now refuse to pay the undisputed $50,000 insurance coverage on Mr. Moore's vehicle, an amount not in dispute in the underlying case. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Set Aside Dismissal.

## I.　BACKGROUND

A.　Procedural Background (*Moore*)

This case involved an auto insurance dispute brought by a policyholder against his insurance company and its broker. Defendants were Essentia Insurance Company ("Essentia") and Hagerty Insurance ("Hagerty") (collectively, "Defendants"). Essentia was the insurer of Mr. Moore's car, and Hagerty was Essentia's agent. Mr. Moore purchased an insurance policy, with a guaranteed value of $50,000, from Essentia (through Hagerty) to cover his classic automobile.

1    TAC ¶ 15.  He claims to have telephonically increased the insurance coverage of his Ford on

2    December 5, 2017, before his vehicle was involved in a collision and declared a total loss on

3    December 7, 2017.  TAC ¶¶ 32-39.  The impetus for the increase in coverage was an

4    advertisement on Hagerty's website offering a "Guaranteed Value" in coverage, equal to the full

5    fair market value of the insured's automobile.  *Id.* ¶ 26.  Mr. Moore claimed he had a telephone

6    conversation with Hagerty in which he indicated that his vehicle had a guaranteed value of at least

7    $100,000.  *Id.* ¶ 37.  When he sought to recover the increased Guaranteed Value for his vehicle

8    following the accident, Mr. Moore alleges that Defendants refused to pay the full market value of

9    the vehicle.  *Id.* ¶ 67.  Mr. Moore brought this lawsuit to recover the full amount the increased

10   coverage.

11        The Court granted Defendants' motions for judgment on the pleadings.  Docket No. 48

12   ("Essentia Mot."); Docket No. 49 ("Hagerty Mot.") (collectively "MJP"), Docket No. 62.  The

13   Court found that the undisputed documents established that the insurance contract price was left at

14   $50,000; the increase in coverage to $100,000 was subject to a callback by Plaintiff which never

15   occurred.  *See* Transcript at 33, Docket No. 73-1.

16        On August 21, 2020, following the ruling on the MJP, the parties stipulated to a dismissal

17   with prejudice, which this Court granted.  Docket Nos. 61, 63.  According to Defendants, less than

18   20 minutes after the motion hearing on the MJP, Mr. Timpano (counsel for Plaintiffs) reached out

19   to Mr. McCormick (counsel for Defendants) and asked to get a stipulated dismissal with prejudice

20   on file before the Court issued its ruling on the MJP.  Opp. at 15.  Mr. Timpano purportedly did

21   not mention settlement, and according to Defendants, the parties did not discuss payment of any

22   amount to Plaintiff but instead agreed to "a complete walk-away for all parties."  *Id.*  Mr.

23   McCormick emailed Mr. Timpano the following: "it occurs to me that you can save yourself some

24   work if you use the dismissal from the Overfelt case and put the Moore caption on it," and Mr.

25   Timpano agreed.  *See* Docket No. 73-2, Ex. D.

26        Defendants never paid the $50,00, the undisputed amount of coverage.  Plaintiff alleges

27   that Defendants refuse to pay even the undisputed $50,000 on the theory that *res judicata* applied,

28   given the dismissal with prejudice of this case.  Mr. Timpano contends that he inadvertently

United States District Court
Northern District of California

1  neglected to ensure payment of the $50,000 in the stipulated agreement for entry of judgment and
2  now seeks relief (payment of the $50,000) under Rule 60 for mistake and excusable neglect.

B. Procedural Background (*Overfelt*)

As noted above, the attorneys in this case handled the *Overfelt* case. Plaintiff in *Overfelt* obtained a $30,000 insurance policy for a classic automobile and discovered that his policy was inadequate after his car was declared a total loss following an accident. *Overfelt v. Hagerty Ins. Agency*, LLC, No. 19-cv-04297-SI, 2019 U.S. Dist. LEXIS 165787, at *1-2 (N.D. Cal. Sep. 24, 2019). As in this case, Plaintiff purportedly increased the value of his insurance coverage, based on an appraisal of the car's full fair market value, after seeing an advertisement for "Guaranteed Coverage" on Hagerty's website. *Overfelt* Compl. ¶¶ 28-29. As in this case, Judge Illston found that Plaintiff had failed to allege a breach of an oral contract to increase the insurance coverage. *Overfelt*, 2019 U.S. Dist. LEXIS 165787 at *13-14. But unlike this case, after *Overfelt* was dismissed with leave to amend, Defendants issued Mr. Overfelt a check for the undisputed $30,000 insurance coverage on his vehicle. Opp. at 10.

## II.   DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 60 provides, in relevant part, as follows:

> "(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

Fed. R. Civ. P. 60. With respect to Rule 60(b)(1), the Ninth Circuit has held the following:

> "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the *deliberate actions* of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims."

*Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (emphasis added).

Further, "[a] party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney." *Id.* at 1101-02.

However, there is an exception for attorney negligence under some circumstances. Excusable neglect under Rule 60:

> "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), and includes "omissions caused by carelessness," *id.* at 388. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. To determine when neglect is excusable, we conduct the equitable analysis specified in *Pioneer* by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*, 231 F.3d at 1223-24 (citing *Pioneer*, 507 U.S. at 395). Although *Pioneer* involved excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b), in *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997), we concluded that the *Pioneer* standard governs analysis of excusable neglect under Rule 60(b)(1). *See id.* at 381.

*Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (emphasis added). *See also Bateman v. United States Postal Serv.,* 231 F.3d 1220, 1223-24 (9th Cir. 2000) (excusable neglect "covers negligence on the part of counsel" and "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith"). But the *Pioneer*/*Briones* test for attorney negligence has primarily been applied for missing filing deadlines. As the district court in *Melo v. Zumper, Inc.*, No. 20-cv-00714-PJH, 2020 U.S. Dist. LEXIS 67200 (N.D. Cal. Apr. 16, 2020) noted:

> "the most common application of the *Pioneer-Briones* test occurs when a party misses a filing deadline. *See Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). Indeed, plaintiff applies the four *Pioneer-Briones* factors in his motion, but this is not a missed filing deadline case—there is no omission on the part of plaintiff. Rather, this case involves a voluntary action on the part of plaintiff based on a mistaken understanding of the Federal Rules of Civil Procedure. For that reason, excusable neglect is not at issue here."

4

*Id.* at *8-9.

Finally, Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (quoting *Klapprott v. United States*, 335 U.S. 601, 614-15, 69 S. Ct. 384, 390, 93 L. Ed. 266 (1949)). *See also United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) ("Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice"). A party who seeks relief under Rule 60(b)(6) must demonstrate "both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Zurich Am. Ins. Co. v. Int'l Fibercom*, *Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 941 (9th Cir. 2007) (citing *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

B.   The Stipulated Dismissal Under the Rule 60 Standard

Here, Mr. Timpano made a voluntary decision to enter into a stipulated dismissal with Mr. McCormick, and under *Latshaw*, such deliberate actions do not merit relief under Rule 60(b)(1). *Latshaw*, 452 F.3d at 1101. Nor can Mr. Timpano invoke the *Pioneer-Briones* factors, which have been applied to missed filing deadlines, but not to the kind of attorney oversight at issue here. *Zumper, Inc.*, 2020 U.S. Dist. LEXIS 67200 at *8-9.

However, the Court finds that the circumstances warrant relief under Rule 60(b)(6). Defendants refuse to pay Mr. Moore the $50,000 insurance coverage on the underlying contract even though that coverage is undisputed and was paid for by Mr. Moore. At the motion hearing on the MJP, Defendants did not dispute that the existence and validity of that $50,000 insurance contract was not at issue:

> "**The Court**: And so if I take *Sprewell*, as I must, as the way we're supposed to treat motions to dismiss, then it seems to me that there's not a contract to -- by which Hagerty and the insured undertook to cover the vehicle for 100,000. ***It was left at 50 at that point, subject to callback from Mr. Moore***. And in that case, I don't see how any -- any cause of action, based on that theory, can be sustained. So I'm going to grant the motion to dismiss.
>
> And I don't know -- is that -- I don't know if that leaves anything. Does that leave anything left in this case if I find that there was no promise and no contract for the 100,000?

5

**MS. CARMEL**: I don't think it leaves anything, Your Honor."

*See* Transcript at 7 (Docket No. 73-1) (emphasis added).

Given that there was no controversy as to the $50,000 coverage, Mr. Moore had no basis or standing to seek relief thereon in this case and thus could not have brought such a claim, a requisite for *res judicata*. Moreover, were Mr. Moore to forfeit $50,000 indisputably owed to him, he will have suffered the type of injury which was beyond his control and for which Rule 60(b)(6) provides relief. *Cmty. Dental Servs.*, 282 F.3d at 1170 (holding that a client was entitled to relief under Rule 60(b)(6) because the attorney's grossly negligent conduct was outside of the client's control, and noting that "the judicial system loses credibility as well as the appearance of fairness, if the result is that an innocent party is forced to suffer drastic consequences").

Furthermore, Mr. Timpano had reason to believe, based on the counsel's course of conduct in *Overfelt*, that Mr. Moore would not receive payment on that undisputed $50,000 coverage. Indeed, it was Mr. McCormick, counsel for Defendants, who suggested that Mr. Timpano might "save [him]self some work if [he] use[d] the dismissal from the Overfelt case and put the Moore caption on it." *See* Docket No. 73-2, Ex. D. If anything, Mr. Timpano was misled into believing that a stipulated dismissal of this case would produce the same result as in *Overfelt*, where the insured was paid under the undisputed underlying contract after the suit was dismissed. *Cf. McKinney v. Boyle*, 404 F.2d 632, 634 (9th Cir. 1968) ("the main charge made by plaintiff is fraud on the part of his own counsel and his former wife. This, we think, brings him within ground (6) [of Rule 60(b)], as to which there is no fixed time limit"); *Watt v. Roth*, No. C 05-05234 SBA, 2008 U.S. Dist. LEXIS 78319, at *9 (N.D. Cal. Sep. 4, 2008) ("courts have applied clause 6 [of Rule 60(b)] in cases where a party has failed to comply with a settlement agreement … or where a party's counsel, a codefendant, or third-party witness has committed fraud").

The Court therefore finds that relief under Rule 60(b)(6) is warranted to prevent injustice; Defendants seek an inequitable and unwarranted windfall on the $50,000 insurance contract. *Washington*, 98 F.3d at 1163. Mr. Moore is entitled to relief under Rule 60(b)(6).

### III.  CONCLUSION

The Court **GRANTS** Plaintiff's Motion to Set Aside Dismissal.  The Court reopens the case and grants Plaintiff leave to amend in order to file a Fourth Amended Complaint alleging breach of the $50,000 contract between Mr. Moore and Defendants on Mr. Moore's vehicle.  The Court expects Defendants will pay $50,000 and put this dispute to rest.

This order disposes of Docket No. 64.

**IT IS SO ORDERED**.

Dated: March 30, 2021

_____
EDWARD M. CHEN
United States District Judge